Mr. Chief Justice Johnson delivered the opinion of the Court. The errors assigned are, 1st. That the record does not disclose any note, writing obligatory, due-bill, or other evidence of debt, upon which an action could be founded, without a declaration, petition, or statement, under the 1st sec. ch. 126, Dig.: 2d. That tbe instrument sued upon is a collateral undertaking- to pay the pre-existing debt of another, which does not express any consideration upon its face, and there being no avermentof consideration in the pleadings, it is within the statute of frauds, and void: 3d. That there is no averment of proof of the non-payment of Perkins: 4th. That the damages are excessive: and 5th. That the CircuitCourt refused to grant a new a trial. The 1st sec. ch. 126, Dig., provides that suits at law may be commenced in any of the Circuit Courts of this State by filing in the office of tbe clerk of such Court a note or writing obligatory or due-bill, or other evidence of debt, which note, writing obligatory, or due bill, or other evidence of debt, shall be a sufficient declaration on which a writ of summons or capias ad responden-dum against tbe person or of attachment against the property of the defendant shall be issued. Tbe first objection is not founded in fact. The instrument sued upon, though a callateral undertaking to pay the debt of another, is nevertheless an absolute promise, and that, too, to pay a certain and determinate sum of money. There can be no doubt, therefore, but that it was within one of the classes of instruments contemplated by the 126th ch. Digest. The 2d ground is also directly in the face of the instrument, and by express terms is disproved by it. The writing under consideration is as follows: t; On or before the 25th December next, (Christmas,) I promise to pay Francis Lee the full amount of a note he holds on J. W. Perkins for $146 33,bearing ten percent, interest from the 14th January, 1845, for which said Lee is to deduct $30 from said note : Given under my hand, this 6th August, A.D. 1847,” and signed “ James Logan.” Here is a sufficient and a legal consideration plainly expressed upon the face of the instrument itself; consequently we are relieved from the necessity of deciding whether the contract would be obligatory or not, in case that such consideration were not so actually expressed. The substance of the contract between the parties to this suit was, that, in case the plaintiff would deduct $80 from the sum due by Perkins, he, the defendant, would pay the residue. It is admitted that it is essential to any valid contract that it should be made upon a sufficient, legal consideration. A contract or promise made without any consideration at all, is called nudum pactum, or a bare, promise, and is wholly void. (See Coggs vs. Barnard, 2 Ld. Raym. 309.) It is not necessary that the consideration should be adequate in order to make a valid contract, since any act, matter or thing, whatever, done by the party to whom a promise or contract is made, at the request of the person making the contract or promise, if it be either prejudicial to the doer or advantageous to the promiser, will be a sufficient consideration in law to make a promise or contract binding. (Com. Dig., 1 v., 149.) Any inconvenience or disadvantage arising to A by the act of B, or voluntarily incurred by A at B’s request, is a sufficient consideration in law for anjr contract or promise, which B may make with or to A. So, also, any act done by A at B’s request, whether to B or to a third person, whether B or the third person derives any advantage from it or not, is also a sufficient consideration for any contract or promise from A to B. (H. b. 105, pl. 129.) The note, therefore, upon its face, contains evidence, prima facie, of a legal consideration, and, until impeached or overthrown by competent proof, it will stand good against the defendant in the Court below. Lee, by deducting a portion of the debt due from Perkins, most unquestionably did an act which was prejudicial to himself, and the legal inference from the contract is, that he was thus induced to act by the request of Logan. In respect to the 3d assignment, it is perfectly manifest that the defendant below had no right to claim notice of the non-payment of Perkins in order to fix his own liability. His was not a conditional, but an absolute, promise to pay the amount specified on a day certain. The plaintiff, therefore, was not bound to look to Perkins, but was fully authorized todo ok alone to the defendant. The 4th objection is not sustained by the facts. There is no excess of damages. The Court below, therefore, ruled correctly in refusing a new trial. The judgment of the Circuit Court of Scott county is, consequently, in all things, affirmed.